## NORTH AMERICAN MERCANTILE CO. *v.* UNITED STATES

No. 6072.—Invoices dated Yokohama, Japan, October 22, 1936, etc.
Certified October 22, 1936, etc.
Entered at San Francisco, Calif., December 29, 1936, etc.
Entry No. 6132, etc.

### Third Division, Appellate Term

(Decided November 28, 1944)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the appellant.
*Paul P. Rao,* Assistant Attorney General *(Samuel D. Spector,* special attorney), for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This is an appeal by the importer from a decision of a single judge involving the dutiable value of importations of canned clams (Reap. Dec. 5680). The court held in the decision below that the appraisements were null and void because of insufficient designation and examination of the merchandise in that the mandatory provisions of section 499 of the Tariff Act of 1930, which require that one out of every ten packages shall be designated and examined, were not complied with. *United States* v. *V. W. Davis,* 20 C. C. P. A. (Customs)

305, T. D. 46087; *United States* v. *F. W. Woolworth Co.*, 22 C. C. P. A. (Customs) 184, T. D. 47126; *United States* v. *C. J. Tower & Sons*, 24 C. C. P. A. (Customs) 456, T. D. 48912. The court below further found that there was failure of proof that on the dates of exportation of this merchandise there was in existence a special regulation of the Treasury Department permitting a less number of packages to be examined.

It was contended below that if the appraisements were held null and void the court should find values for the merchandise under the ruling in the case of *Arkell Safety Bag Co.* v. *United States*, 24 C. C. P. A. (Customs) 26, T. D. 48307. It was the opinion of the single judge that the case cited had no application to the facts as established in the instant case and he therefore refused to find a value for the merchandise. A motion for rehearing was filed in which the further claim was made that the papers should be returned to the appraiser so that a legal appraisement might be made. This motion was denied by the trial court.

Appellant contends that the principle of law as represented by the case of *United States* v. *Daniel F. Young, Inc.*, 27 C. C. P. A. (Customs) 124, C. A. D. 73, to the effect that this court may not find values where the original appraisement is found to be void, should be reconsidered in view of House joint resolution 336 of July 12, 1932, T. D. 45805, and of the amendment to section 501 of the Tariff Act of 1930 by section 16 of the Customs Administrative Act of 1938. Appellant makes no claim that the finding of the single judge was erroneous insofar as he held that the appraisements were void, but claims that it is the duty of the court to find value in such cases.

The merchandise covered by all of the appeals here involved was appraised prior to the effective date of section 16, *supra*. That section provided in subsection (b) thereof that "notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, * * * [the judge shall] determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing."

In his brief counsel for appellant reviews the legislative history of section 16, *supra*, and contends that this subsequent legislation is indicative of an intent on the part of the legislators to correct a situation such as that disclosed in the case of *United States* v. *Woolworth*, 22 C. C. P. A. (Customs) 184, T. D. 47126, where the collector is without a verified value on which to liquidate the entry and the appraiser cannot make a new appraisement because the merchandise has been released from customs custody. The brief contends that the said Customs Administrative Act establishes the right of this appel-

lant to a reappraisement, and that the court below had power to reappraise even though the appraisals herein are void.

It is the opinion of the court that to adopt appellant's view would be tantamount to giving a retrospective construction to the amendatory act, which is contrary to the well-known rule of construction applicable to amendatory acts. As we understand the rule it is that unless required in express terms or by clear implication an amendatory act is to be construed as having only a prospective operation (36 Cyc 1223).

The judge below in a very full and able decision considered and discussed all the points raised by both parties litigant and it would serve no good purpose to extend this opinion by a discussion of the evidence and arguments presented. Suffice it to say that after mature deliberation we have arrived at the conclusion that the decision below is in full accord with the facts and the law and the trial court's judgment should be and is hereby affirmed. See *United States* v. *William J. Oberle, Inc.,* Reap. Dec. 6062.

Judgment will be rendered accordingly.