NORTH AMERICAN MERCANTILE CO. v. UNITED STATES

No. 6695.—Invoice dated Yokohama, Japan, July 10, 1936.
Certified July 10, 1936.
Entered at San Francisco, Calif., July 30, 1936.
Entry No. 1112.

Second Division, Appellate Term

(Decided January 3, 1947)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles J. Evans* of counsel) for the appellant.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before TILSON, KINCHELOE, and EKWALL, Judges

TILSON, Judge: This is an application for a review of the decision of the trial court filed under the provisions of section 501 of the Tariff Act of 1930. The judgment of the trial court, from which this appeal was taken, decrees "that the appraisement in this case is null and void *ab initio*." This judgment is based upon a finding by the trial court that:

\* \* \* In the present case the collector has not specified what packages were selected by him to be examined as he was required to do under the provisions of section 499 of the Tariff Act of 1930, and the appraisement is therefore null and void.

The merchandise involved consists of 150 cases containing 600 dozen cans of clams, which were imported and entered at the port of San Francisco, Calif. The merchandise was entered under the provisions of section 503 (b) of the Tariff Act of 1930 at $5.319 per case, and was appraised as entered. The case was submitted to the trial court upon the following stipulation:

(1) That this stipulation is limited to so much of said merchandise as is described in the invoice as "canned minced clams" in 7-ounce cans or tins, such items

being marked "A" and initialed GHG by Examiner G. H. Godfrey, and said article being appraised on the basis of the American selling price in accordance with the Presidential proclamation published in T. D. 47031.

(2) That such merchandise is the same in all material respects as the imported minced clams involved in *North American Mercantile Co.* v. *United States,* Reap. Dec. 5680 and Reap. Dec. 6072, and that the issues herein, insofar as they pertain to the proper dutiable value of said merchandise, are the same in all material respects as the issues involved in the appeals covered by said decisions.

(3) That the record in said Reap. Dec. 5680 may be incorporated herein and that upon this stipulation this appeal may be deemed submitted, it being limited to the items marked "A" on the invoice, and abandoned as to all other merchandise.

Referring to the decision reported as Reap. Dec. 5680, the trial court stated in its opinion that:

In the incorporated case the court found that the collector had not properly designated the merchandise for examination and that the appraisements were therefore null and void.

In *North American Mercantile Co.* v. *United States,* Reap. Dec. 5680, the court held the appraisements to be null and void, employing the following language:

Both this court and the Court of Customs and Patent Appeals have repeatedly held that the provision in said section 499 for the designation and examination of at least 1 out of every 10 packages of imported merchandise is mandatory, and have held that in cases where there has been a failure to comply with such mandatory provision the appraisement should be declared null and void, in which case the collector should liquidate on the entered value. *United States* v. *V. W. Davis,* 20 C. C. P. A. 305, T. D. 46087; *United States* v. *F. W. Woolworth Co.,* 22 C. C. P. A. 184, T. D. 47126; *United States* v. *C. J. Tower & Sons,* 24 C. C. P. A. 456, T. D. 48912. It was on the authority of these cases that counsel for the plaintiff moved that the appraisements herein be declared null and void, which motion is hereby granted.

An examination of the *Davis* case, *supra,* discloses that at one place our appellate court used the following language:

* * * We therefore hold that the provisions of said section 499 regarding the designation by the collector of merchandise for examination for purposes of appraisement are mandatory.

In deciding the case of *Beermaker* v. *United States,* Reap. Dec. 3391, by accepting literally the above-quoted statement of our appellate court in the *Davis* case, *supra,* we were led astray, and as a consequence the decision of this court was promptly reversed by our appellate court. However, the extent of the holding in the *Davis* case, *supra,* above quoted, is made clear by the following holding in that case:

In the case at bar all of the merchandise was designated for examination. Whether under such designation it was necessary that every package of merchandise be examined in order that there be a valid appraisement we need not here determine; but it clearly was necessary that at least one package of every ten packages of merchandise be examined, for the fair construction of section 499 is that Congress deemed that there could not be presumed to be a fair appraisement

of imported merchandise unless there was an examination of at least one package of every ten packages of such merchandise. Inasmuch as the Customs Court, Second Division, found that less than one package of every ten packages was examined for purposes of appraisement, and such finding was clearly warranted by the evidence, we are constrained to hold that the appraisements involved herein, made by the local appraiser, were void. We think this conclusion is supported in principle by the cases of *Converse v. Burgess*, 18 How. 413; *Stein v. United States*, 1 Ct. Cust. Appls. 36, T. D. 31007; and *Loeb v. United States, supra*.

Examining the *Woolworth* case, *supra*, which was one of the authorities upon which this court based its finding that the appraisements were null and void, we find the following:

Also it may happen that elements essential to a legal appraisement may be lacking. Under such circumstances, where the appraisement of the local appraiser is found to be invalid, the tribunals of the Customs Court, of course, are unable to find value, and an anomalous situation is unavoidably created. Illustrative of such a situation is the case of *United States v. V. M. Davis, Sinai Kosher Sausage Factory*, 20 C. C. P. A. (Customs) 305, T. D. 46087. In that case this court affirmed the judgment of the Second Division of the United States Customs Court, which had affirmed the decision of the single judge holding that the appraisements of the local appraiser were null and void. Our own decision therein rested upon the ground that it had been shown that the local appraiser had failed to comply with the statutory requirements of section 499 of the Tariff Act of 1922 (held by us to be mandatory), in that he was shown to have examined less than 10 per centum of the barrels of pickled beef there involved. * * *

In the *Tower* case, Reap. Dec. 3707, the trial court found that:

* * * On the basis of the aforementioned facts conceded by counsel, I find that the appraisements in these cases are void as a matter of law, for the reason that the provisions of section 499 of the Tariff Act of 1922, governing the designation and *examination* of packages of imported merchandise, were not complied with by customs officers. [Italics not quoted.]

The appellate division of this court, and our appellate court affirmed the above-quoted holding of the trial judge.

It will thus be seen that in all of the decisions relied on in Reap. Dec. 5680, *supra*, for holding the appraisements to be null and void, the question of whether or not the statutory number of packages was actually examined was actually present, and we are unable to say that this was not a determining factor in each case.

The position of our appellate court is made entirely clear on this point by the following quotation from *United States v. Beermaker*, 23 C. C. P. A. 48:

In the case at bar the appraiser did comply with the mandatory requirements of section 499 in that he did open and examine "not less than one package of every invoice and not less than one package of every ten packages of merchandise," and when he made the appraisement there were present the elements that enable appraisement under the mandatory provisions of the statute. Any failure of duty upon his part was not in failing to comply with a mandatory provision of the statute, but failure to comply with a discretionary order of the collector.

* * * * * * *

* * * inasmuch as the appraiser did comply with the mandatory provisions of said section 499 by opening and examining not less than one package of every ten packages of the merchandise, his appraisement was not void, and the Second Division of the Customs Court erred in reversing the decision of the trial judge and instructing him to dismiss appellee's appeal for reappraisement.

In the instant case the trial court found in substance that the merchandise consisted of 150 cases of canned minced clams; that the designation by the collector of the packages to be examined shows that one case, not designated by case number, was designated for examination at the appraiser's stores; that the official papers contain, over the signature of the acting collector, the further designation: "Ex. at wharf balance to make 10%;" and that the appraiser reported his examination to have been "as ordered." This finding is supported by the record and establishes that 10 per centum of the imported merchandise was actually examined by the customs officials in compliance with the mandatory provisions of section 499. Under the authorities hereinbefore quoted, an appraisement based upon such an examination is a valid appraisement.

The trial court cited the case of *Geo. Wm. Rueff, Inc.* v. *United States*, Reap. Dec. 5560, and cases therein cited, as supporting its holding that the appraisement herein was null and void because the collector did not specify "what packages were selected by him to be examined as he was required to do under the provisions of section 499 of the Tariff Act of 1930."

In the *Rueff* case, *supra*, it is stated:

* * * Where, as in the present case, merchandise is imported in packages that are marked with identifying symbols or numbers, there must be a definite designation of the packages to be examined, and the statute specifically imposes that duty on the collector. An indefinite designation which includes the notation by rubber stamp "Balance 10% Wharf," like that issued herein, in effect shifts the burden of designation to the appraiser, which is clearly contrary to law and therefore must be held to be defective. * * *

Besides being convinced that the collector's designation was defective, I am also satisfied, on the basis of the testimony adduced herein as hereinafter outlined, that the provisions of section 499, *supra*, requiring that the designated packages be *opened and examined*, were not complied with.

* * * * * * *

* * * On the record before me, it is my judgment, and I so hold, that there was no compliance with the provision of section 499, *supra*, relating to the designation and examination of imported merchandise, and therefore hold the appraisement of the instant merchandise to be null and void.

In the above case it is to be noted that the court did not base its judgment holding the appraisement to be null and void entirely upon the failure of the collector to comply with the provisions of section 499 with reference to designation, but also includes as one of the grounds for such judgment the fact that section 499 was not complied with in regard to the *examination* of the merchandise.

It is contended by counsel for appellee that it is absolutely essential to a valid appraisement that the collector designate by case numbers at least 10 per centum of the importation for examination, and that otherwise this duty is left to the appraiser who has no authority to designate the packages for examination under section 499. Where, as in this case, all of the packages are numbered, there appears to be no good reason why the collector should not designate by case or package number, but under the decisions of our appellate court his designation is valid so long as he designates "not less than one package of every invoice and not less than one package of every ten packages of merchandise."

In the *Beermaker* case, *supra*, the collector designated "all" of the merchandise for examination, which included 3,198 packages. When the examiner elected to examine only 650 of the 3,198 packages, he necessarily had to select the packages he was going to examine. In a sense this selection by the examiner might be considered as a designation by the examiner of the packages which should be examined. Yet in that case our appellate court held:

> In the case at bar the appraiser did comply with the mandatory requirements of section 499 in that he did open and examine "not less than one package of every invoice and not less than one package of every ten packages of merchandise," and when he made the appraisement there were present the elements that enable appraisement under the mandatory provisions of the statute. Any failure of duty upon his part was not in failing to comply with a mandatory provision of the statute, but failure to comply with discretionary order of the collector.

Counsel for appellee has not cited to us any authority holding that the failure of the collector to designate by case or package numbers has been the sole basis for holding an appraisement to be null and void. In view of the authorities on this point, hereinbefore cited, we would not feel justified in holding the appraisement in this case to be null and void on the sole ground that the collector failed to designate the merchandise for examination by case or package numbers, so long as it appears that he did designate, and the examiner actually examined not less than the statutory quantity of the merchandise.

Since the trial court gave no consideration to the merits of the case, but dismissed the appeal as null and void, our review of the trial court's decision and judgment must necessarily be confined to the matters decided by the trial court. We therefore express no opinion as to the merits of the case.

For the reasons stated, and in harmony with the authorities cited and quoted, the decision and judgment of the trial court are reversed, and the case is remanded to the trial court for disposition on the merits. Judgment will be rendered accordingly.