MUTUAL SUPPLY CO. *v.* UNITED STATES

No. 7925.—

Entry Nos. 2810; 3358; 2381.

January 4, 1951)

*Lawrence & Tuttle* for the plaintiff.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: These cases are before me upon a judgment issued by the second division of this court in conformity with the mandate of the United States Court of Customs and Patent Appeals issued pursuant to its decision and judgment in the case of *Mutual Supply Co.* v. *United States*, 38 C. C. P. A. (Customs) 44, C. A. D. 437, wherein the judgment of the said second division entered in conformity with its decision in *United States* v. *Mutual Supply Co.*, 20 Cust. Ct. 418, Reap. Dec. 7578, was affirmed. By the terms of the last-mentioned judgment, the decisions and judgments of this court reported in *North American Mercantile Co. et al.* v. *United States*, 18 Cust. Ct. 335, Reap. Dec. 6808 (insofar as appealed from), and in *Mutual Supply Co.* v. *United States*, 18 id. 338, Reap. Dec. 6809, were reversed, and the cases remanded "for the purpose of considering and weighing the evidence with a view to arriving at the correct American selling price for the imported  *  *  *  clams."

In my view it is unnecessary to set forth herein the facts as to the merchandise, its appraisement, and the contentions of the parties, which are already well delineated in the opinions in the decisions referred to above.

The situation as it now stands is that the following findings of fact have been made by the second division of this court:

1.   That the imported merchandise consists of canned clams known as hokkigai clams.

2.   That the imported canned clams were exported from Japan and entry thereof made at the port of San Francisco during the month of September in the years 1937, 1938, and 1939.

3.   That these canned clams were appraised on the basis of the American selling price, as provided in section 402 (g) of the Tariff Act of 1930.

4. That the American clam that was selected by the appraiser as being like or similar to the imported clam was a whole butter clam handled by Guy P. Halferty & Co. of Seattle, Wash.

5. That the imported hokkigai clam and the whole butter clam handled by Guy P. Halferty & Co. of Seattle, Wash., are in fact like or similar within the meaning of that term as used in section 336 of the Tariff Act of 1930.

The effect of these findings is that the imported clams are within the purview of the Presidential proclamation reported in T. D. 47031, requiring appraisement thereof to be made under the American selling price formula set forth in section 402 (g) of the Tariff Act of 1930, and such was the order of remand contained in the judgment of the second division.

The appraiser appraised the imported 9-ounce cans of hokkigai clams on the basis of the American selling price of 8-ounce cans of whole butter clams packed or canned in the State of Washington and sold in San Francisco, Calif., and it was conceded on behalf of the plaintiff that the difference between the 9-ounce content of the imported cans and the 8-ounce content of the domestic product was immaterial.

The imported 4½-ounce cans of hokkigai clams were appraised on the basis of the American selling price of 4½-ounce cans of whole butter clams packed or canned in the State of Washington by Guy P. Halferty & Co. of Seattle, Wash., and sold in San Francisco, Calif. It was stipulated during the course of the trial that if Guy P. Halferty were called as a witness—

* * * he would testify he is president and general manager of Guy P. Halferty & Company of Seattle; and that from 1934 to date that firm has not sold or offered for sale or packed any 4½ ounce or 5 ounce tins containing whole butter clams. (R. p. 23.)

The values returned by the appraiser are attacked by the plaintiff on the grounds (1) that the 8-ounce cans of whole butter clams were not "freely offered for sale for home consumption to all purchasers" within the meaning of section 402 (g), *supra*, and (2) that in view of the stipulation quoted above, the appraised value of the 4½-ounce cans of whole butter clams was based upon an error of fact, and the burden was on the defendant to establish the correct American selling price therefor.

With respect to the contention re the 8-ounce cans of the domestic product, I find that the appraised value for the 9-ounce cans of imported clams was $7 per case of 4 dozen, less 1½ per centum cash discount, f. o. b. San Francisco. It appears that at the time of exportation of the imported 9-ounce cans, three qualities of whole butter clams were packed or canned in the State of Washington and handled by Guy P. Halferty & Co., viz, the selected, the standard, and the substandard, having three price levels, and the record does not show which quality the appraiser used as the basis for the American selling price to be applied to the imported merchandise.

As stated by counsel for the plaintiff in the brief filed with the trial court, there is no evidence that the standard and substandard qualities were not freely offered for sale within the meaning of section 402 (g), *supra*, and the plaintiff evidently bases the contention as to the failure of free offer upon the assumption that the appraiser adopted as the appraised value the American selling price of the selected quality, and specifically the so-called "Sportsman" brand, as to which there was testimony by Guy P. Halferty that at the time of exportation of the imported clams the said "Sportsman" brand was offered and sold only to one firm.

There is no evidence in the record which directly supports the assumption that the appraised value for the 9-ounce cans of imported clams was based upon the American selling price of the 8-ounce cans of "Sportsman" brand selected domestic clams. There is some evidence in the record as to the prices at which "Sportsman" brand, as well as brands of the standard and substandard qualities, was sold at the time of exportation involved, but that evidence relates to sales in units of dozens on an f. o. b. Seattle basis, whereas the appraised values are in units of cases of 4 dozen cans on an f. o. b. San Francisco basis. Furthermore, there is evidence that at the time of exportation involved there existed two other brands of selected clams, namely, "Tureen" and "Sea Breeze" brands, which were freely offered for sale to all purchasers.

I am therefore satisfied that the plaintiff has failed to establish the lack of free offer within the meaning of section 402 (g), *supra*, and on the record presented I am unable to find any value for the imported 9-ounce cans of hokkigai clams other than that returned by the appraiser.

With respect to the contention as to the imported 4½-ounce cans of hokkigai clams, the examiner in the appraiser's office who passed upon the merchandise in question, and whose return of value was adopted by the appraiser, testified that he based his return of value upon the basis of the American selling price of a whole butter clam packed by Guy P. Halferty & Co. in 4½-ounce cans offered and sold in San Francisco at or about the time of exportation of the involved merchandise. As has been stated before, a stipulation entered into between the parties and placed in the record establishes that at or about such time Guy P. Halferty & Co. did not sell or offer for sale "any 4½ ounce or 5 ounce tins containing whole butter clams."

It is the plaintiff's contention, as expressed in the brief filed in its behalf, that by reason of the foregoing stipulation—

* * * therefore that part of section 501 stating that "the value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise," does not apply. Consequently the burden was on the defendant to establish all elements entering into an appraisal under section 402 (g).

and the following is quoted from the case of *United States* v. *Draeger Shipping Co., Inc.*, 6 Cust. Ct. 783, Reap. Dec. 5118:

It is well settled that when the Government, as a litigant before the court, contends for a principle different from that adopted by the customs officers who are duly authorized to make the original decision from which the importer appealed, the Government has the burden of establishing its claim. *United States* v. *Freedman & Slater, Inc.*, 25 C. C. P. A. 112, T. D. 49241; *United States* v. *White Sulphur Springs Co.*, 21 C. C. P. A. 203, T. D. 46728; *United States* v. *Okuda & Co.*, 23 C. C. P. A. 46, T. D. 47713.

Also cited in support of the point are the cases of *Kuttroff, Pickhardt & Co.* v. *United States*, 12 Ct. Cust. Appls. 299, T. D. 40313, and *United States* v. *Gane & Ingram, Inc.*, 24 C. C. P. A. 1, T. D. 48264.

Although it is not so directly stated in the brief, apparently it is the plaintiff's contention that because the examiner in the appraiser's office who passed upon the merchandise, and whose return of value was adopted by the appraiser, based his return upon what subsequently developed to be a material error of fact, i. e., that Halferty packed and offered for sale whole butter clams in 4½-ounce cans at or about the time of exportation involved herein, when in fact at such time Halferty did not do so, the statutory presumption in respect to the appraised value was rebutted.

Granting that the statutory presumption was rebutted and it was established by the testimony of the examiner and by the stipulation in lieu of evidence that the appraisement of the 4½-ounce cans of clams was erroneous, I am nevertheless of the opinion that the burden of proof of establishing the American selling price applicable to the imported merchandise was not upon the defendant.

The importer in this case was the appealing party and had the burden of establishing a *prima facie* case in favor of its claims. The facts in the *Draeger Shipping Co., Inc., supra*, case are quite different from those in this case. There, as part of its defense, and to rebut the *prima facie* case made out by the plaintiff, the Government contended for a value and a basis of value different from those returned by the appraiser, and the observation of the court in the quoted excerpt as to the burden thus assumed by the Government was correct and proper.

In this case, aside from the contentions made by the plaintiff with respect to the dissimilarity between the imported and domestic products, which have been determined adversely to the plaintiff, the plaintiff made no effort to establish a *prima facie* case with respect to the 4½-ounce cans of clams. Consequently, the burden of going forward with the evidence did not shift to the defendant.

I find nothing in the *Kuttroff, Pickhardt & Co., supra*, and the *Gane & Ingram, Inc., supra*, cases which supports the plaintiff's contention with respect to the burden of proof in a situation such as occurs here.

The defendant offered evidence for the purpose of establishing the price which a domestic packer of clams was willing to receive for 4½-ounce cans of whole butter clams in accordance with the alternative formula found in section 402 (g), *supra*. In the brief filed on behalf of the plaintiff its counsel has pointed out inaccuracies, inconsistencies, and deficiencies in this evidence, and I am satisfied that there was not thereby established the American selling price of whole butter clams packed in 4½-ounce cans in accordance with the formula set out in section 402 (g), *supra*.

The situation, therefore, is that the value returned by the appraiser has been demonstrated to be erroneous, the proper basis of value has been determined to be American selling price as defined in section 402 (g), *supra*, and I have no sufficient evidence before me in the record or adduced at the hearings upon which the said American selling price of whole butter clams packed in 4½-ounce cans can be determined. In such case, I have no other course than to dismiss the appeals insofar as they relate to clams packed in 4½-ounce cans. *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, 191, T. D. 47126; *Mrs. G. P. Snow* v. *United States*, 24 C. C. P. A. (Customs) 319, 325, 326, T. D. 48767; and *G. & H. Transport Co., Inc.* v. *United States*, 27 C. C. P. A. (Customs) 159, 162, C. A. D. 78.

Upon the entire record before me, I find as facts each of the findings made by the second division in its decision reported as Reap. Dec. 7578, and they are here incorporated by reference as though each were individually set out, and, in addition, the following:

6. That at the time of exportation of the imported canned hokkigai clams packed in 9-ounce cans, the price, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at which whole butter clams handled by Guy P. Halferty & Co. of Seattle, Wash., packed in 8-ounce cans were freely offered for sale for domestic consumption to all purchasers in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities in such market, or the price that the manufacturer, producer, or owner would have received or was willing to receive for such merchandise when sold for domestic consumption in the ordinary course of trade and in the usual wholesale quantities, was the appraised value.

7. That the difference between the 9-ounce content of the imported cans and the 8-ounce content of the domestic product was immaterial.

8. That with respect to the 4½-ounce cans of imported hokkigai clams, the appraisement thereof was based upon a material error of fact, and was erroneous.

9. That there is no evidence in the record or adduced at the hearings upon which the price, including the cost of all containers and cov-

erings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery at which whole butter clams handled by Guy P. Halferty & Co. of Seattle, Wash., packed in 4½-ounce cans were freely offered for sale for domestic consumption to all purchasers in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities in such market, or the price that the manufacturer, producer, or owner would have received or was willing to receive for such merchandise when sold for domestic consumption in the ordinary course of trade and in the usual wholesale quantities, can be determined.

I conclude as matters of law:

(1) That the proper basis of value of the merchandise here involved is the American selling price, as defined in section 402 (g) of the Tariff Act of 1930, of the whole butter clams described in findings (4) and (5) herein.

(2) That with respect to the 9-ounce cans of imported hokkigai clams such value was as returned by the appraiser.

(3) That with respect to the 4½-ounce cans of imported hokkigai clams the appeals must be dismissed.

Judgment will issue accordingly.