UNITED STATES v. STAUFFER ESHLEMAN & CO., LTD., ET AL.

No. 5732.—Invoices dated Hamburg, Germany, September 23, 1932, and June 28, 1933.
Entered at New Orleans, La., October 27, 1932, and July 29, 1933.
Entry Nos. 815 and 221.

Third Division, Appellate Term

(Decided October 14, 1942)

*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett* and *Daniel I. Auster*, special attorneys), for the appellant.
*Philip Stein* for the appellees.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: These are appeals by the Government from a decision of the trial court reported as Reap. Dec. 5597, covering two importations of poultry netting. The exportations took place on September 23, 1932, and June 28, 1933. The local appraiser appraised

the merchandise for the purpose of assessment of regular duty under the Tariff Act of 1930 and also under the Antidumping Act of 1921, the Secretary of the Treasury having made and promulgated a finding of dumping on such merchandise when imported from Germany. (T. D. 46826, 65 Treas. Dec. 56.)

The case was originally tried at the port of New Orleans at which time evidence on the merits was produced on the part of the importers, the appellees herein, and also on the part of the Government. At the request of counsel for the importers the case was transferred to New York. At the time of the hearing in New York a jurisdictional question was raised by importers' counsel for the first time, viz, the sufficiency of the designation and examination of packages under section 499 of the Tariff Act of 1930. It was contended that the collector had failed to designate and the appraiser had failed to examine 10 per centum of the packages on each invoice, and that under the decisions such failure rendered the appraisement null and void, both under the Tariff Act of 1930 and the Antidumping Act of 1921. In support of this contention the importers offered the official reports connected with the entry papers.

The trial judge upon examining the official papers sustained the importers' contention that there had been an insufficient compliance with the law in that the collector had failed to comply with the mandatory provisions of section 499, and that the appraisements were null and void *ab initio*, under the law at that time in effect.

Said section 499 is as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this Act, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary. If any package is found by the appraiser to contain any article not specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon

paid accordingly. If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

Under this view of the law by the trial court it was unnecessary to make any finding on the merits of the controversy, i. e., the proper dutiable value of the poultry netting.

We must, therefore, examine the official papers to ascertain whether the finding of the trial court was supported by the evidence before it. We find upon the summary sheets in evidence that in the case of both importations, under the heading "Packages to be examined" the collector wrote the word "wharf" with no mention of any particular number of packages or that all the packages were to be examined.

The Government contends that under the legal presumption that the collector performed his duty as required by law, the fair inference to be drawn from the above-described designation, in the absence of proof to the contrary, is that the collector designated the entire shipment for examination on the wharf. It is contended further that this presumption is borne out by the appraiser's report which is found as part of the printed matter on said summary sheets and reads as follows:

The examination and appraisement of the merchandise covered by this invoice has been made in accordance with the law, and the facts as found are set forth below.

Underneath this appear eight columns designated "Marks," "Numbers," "Examiner" and date of examination, "Quantities," etc., which are filled in with appropriate data and the report is signed by the appraiser at the port of New Orleans.

In its brief the Government contends that inasmuch as section 499, *supra*, provides for a designation of "packages or quantities" to be examined, it is unnecessary that the collector designate "packages" but instead, he may designate "quantities," and in view of the position of the Government that the legal presumption exists that the collector has lawfully performed his duty, the designation "Wharf" relates to quantities rather than packages and calls for the examination of each entire shipment on the wharf. It is argued that there is no affirmative evidence before this court or the trial court to rebut this presumption.

Even if we assume that it is unnecessary to designate packages, as by number, but that quantities may be designated instead, we still are faced with the situation that the designation "wharf" ordinarily is a designation of location rather than of either packages or quantities.

This question of the sufficiency of the designation under section 499, *supra*, has been before the court on numerous occasions, and it has been held that the requirements of the section are mandatory. *United*

*States* v. *V. W. Davis*, 20 C. C. P. A. 305, T. D. 46087; *United States* v. *F. W. Woolworth Co.*, 22 C. C. P. A. 184, T. D. 47126; *United States* v. *G. W. Beermaker*, 23 C. C. P. A. 48, T. D. 47714; *United States* v. *Boston Paper Board Co.*, 23 C. C. P. A. 372, T. D. 48233; and *Vulcan Match Co.* v. *United States*, Reap. Dec. 5388.

A leading case and one which is relied on by the Government in support of its contention is *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118. There the collector's designation read "Greene Street," which the evidence discloses was the address of the railway express company's terminal. The Government attorney in the brief filed before this court contends that the designation "Greene Street" called for the examination of the entire shipment. We note that the decision states:

Upon the hearing on this protest, the importer called as a witness the examiner at the port of Buffalo and established by him that he had, at the direction of the collector, examined all the packages of meat imported at the Greene Street express office, and had made his appraisement thereon; that no particular packages were designated for examination, but the entire shipment; * * *.

It therefore seems that the case cited is distinguishable from the instant case in that the evidence disclosed that the examiner considered that the entire shipment had been designated for examination. In the case before us there is no evidence as to the designation or examination of the merchandise except that contained in the official papers.

The contention of the Government, that the presumption in favor of the collector's action is borne out by the report of the appraiser on the summary sheets above quoted, cannot be sustained in view of the fact that the summary sheets show that the only designation made by the collector is the word "Wharf." It is the opinion of the court that such a designation is not a designation of any quantity of the imported merchandise, but is merely a designation of the place of the examination. In this connection the language of the court in the case of *Sabine Transportation Co., Inc., et al.* v. *United States*, Reap. Dec. 4409, is pertinent here. There the court said:

There are two designations that the collector must make: (1) The number of packages that must be opened and examined and (2) the place at which this duty shall be performed. Clearly the collector designated the place of examination, * * *.

The later case of *United States* v. *V. W. Davis, etc.*, 20 C. C. P. A. (Customs) 305, T. D. 46087, is also cited by the Government in its brief, in support of the contention that a designation of the place of examination is sufficient and implies that all of the merchandise is to be examined at the designated place. In that case the merchandise involved consisted of pickled beef in barrels, imported in carload lots. The collector designated on the summary sheets for examination the

car number of each shipment, according to the decision. We do not consider such a designation, which indicated the number of the car to be examined, in the same category with the instant case where the term "wharf" was used. From the facts as stated in the decision the only merchandise contained in the cars was beef, therefore a presumption would arise that all of the beef in the car was designated for examination. A like presumption would not arise from a designation "wharf" for the reason that there might be and probably were various kinds of merchandise on the wharf in addition to this poultry netting.

It is further contended on the part of the Government in its brief that examination of less than 1 in 10 packages of the merchandise now before us was authorized by special regulation of the Secretary of the Treasury. No evidence of such special regulation was produced before the trial court nor is there evidence that any special regulation was promulgated.

Upon the record we find that the court below committed no error in its finding that the collector has failed to comply with the mandatory provisions of section 499, *supra*, and that the appraisements are null and void *ab initio*. We therefore affirm the decision of the trial court.

Judgment will be rendered accordingly.