DAVIDSON & STRAUSS v. UNITED STATES

**No. 6236.**—Invoice dated Koln, Germany, October 19, 1931.
Certified October 22, 1931.
Entered at San Francisco, Calif., December 2, 1931.
Entry No. 7323.

(Decided November 28, 1945)

*Harper & Harper* (*Lawrence A. Harper* and *Walter I. Carpeneti* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

OLIVER, Presiding Judge: On July 5, 1939, a "Notice to Importer of Advance in Value upon Appraisement" on customs Form 4301 was sent to the plaintiff firm by the collector informing it that as the result of appraisement of certain wire netting imported thereby from Germany, special dumping duties accrued under the provisions of the Antidumping Act of 1921 (19 U.S.C. §160–171), whereupon this appeal for reappraisement was filed within the statutory time provided therefor.

On the trial of the case, plaintiff moved in evidence the official papers. An examination of the summary sheet attached to the invoice discloses that the only designation made by the collector under

section 499 of the Tariff Act of 1930 of the packages to be examined was as follows:

U. S. Appraiser will examine at wharf before delivery.

Such a designation was held in the case of *United States* v. *Stauffer Eshleman & Co., Ltd., et al.*, 9 Cust. Ct. 641, Reap. Dec. 5732, not to comply with the mandatory provisions of section 499, *supra*, with respect to the designation of packages or quantities to be opened and examined for the purposes of appraisement.

Furthermore, the testimony of the examiner who passed the merchandise and of the appraiser who approved his action in this case shows that none of the merchandise was examined by either of them. Such failure to examine renders the appraisement void. (*United States* v. *V. W. Davis*, 20 C. C. P. A. 305, T. D. 46087.)

The appraisement in the case at bar took place on July 23, 1938, two days before the effective date of the Customs Administrative Act of 1938 (52 Stat. 1077), which provided that notwithstanding a finding that the original appraisement was void, a determination of the value of the merchandise must be made in reappraisement cases. The provisions of the Customs Administrative Act have no application to the situation herein, and I therefore find the appraisement in this case to have been null and void *ab initio*. (*United States* v. *Joseph Fischer as Liquidating Agent of Schmoll Fils Assd., Inc., et al.*, 32 C. C. P. A. 62, C. A. D. 286.)

Judgment will be rendered accordingly.