WILLIAM J. OBERLE, INC. (EUROPEAN AGENCIES CO., INC.) ET AL. *v.* UNITED STATES

**No. 7361.—**Invoices dated Koln–Mulheim, Germany, August 6, 1936, etc.
Certified August 19, 1936, etc.
Entered at New Orleans, La., October 2, 1936, etc.
Entry No. 968, etc.

(Decided on rehearing [Reap. Decs. 6160, 6163, 6164] August 19, 1947)

*Philip Stein* for the plaintiffs.

*Paul P. Rao,* Assistant Attorney General (*Samuel D. Spector* and *Dorothy C. Bennett,* special attorneys), for the defendant.

LAWRENCE, Judge: The three appeals for reappraisement listed in schedule A attached hereto and made a part hereof were originally tried and submitted for decision upon three separate records. Thereafter separate decisions were rendered in each case in which motions by plaintiffs to dismiss were denied and the appraised values were affirmed (Reap. Dec.'s 6160, 6163, and 6164). In due course plaintiffs

filed a motion for rehearing in each case. These motions were granted by the trial court and in subsequent proceedings before me the three appeals were consolidated for trial, heard, and submitted.

The motions of plaintiffs to dismiss in the original proceedings above referred to were made upon the ground that there had not been a proper designation by the collector of customs of packages to be examined as required by section 499 of the Tariff Act of 1930.

Upon rehearing plaintiffs again moved to dismiss the appeals for reappraisement after offering the testimony of the broker who made the entries of the merchandise to which the appeals relate. The witness testified that he was president of William J. Oberle, Inc., customhouse brokers in New Orleans, and that he was familiar with all the facts in connection with the entries which he personally prepared. He further testified that the collector designated the *place* of examination but did not make any designation of the *merchandise* to be examined, and that the markings on the summary sheet did not indicate "whether any or all of the merchandise should be examined at the wharf." When asked if there is "anything on those papers to indicate that less than total quantity was to be examined on the wharf," the witness replied: "No indication whatever."

Upon being interrogated by the court, the witness testified, in substance, as follows: That he had been engaged in the capacity of a customs broker for 26 years; that he had made numerous entries during that time; that it was customary for him to find some indication on the invoice or the entry papers of the place and amount of the merchandise to be examined; that there is generally indicated by particular designation on the summary sheet as well as on the permit of delivery, "the number of the package or the particular pieces fitting the importation, as indicated by the entry division clerk"; and that those details were lacking in the three cases now before the court.

The witness further testified that the official papers generally indicated whether the entire shipment was to be examined or what portion of it was to be examined, neither of which was done in this case.

In reappraisement 118268–A, on the paper entitled "SUMMARY OF ENTERED VALUE, EXAMINATION AND APPRAISEMENT," under the heading "Packages to be examined" appears the following: "WHARF MEASURE WEIGH." In the same space on the summary sheet covered by reappraisement 118270–A appear the words "MEASURE WHARF." Likewise in the same space on the summary sheet covered by reappraisement 118271–A appear the words "MEASURE WHARF."

In passing, it may be noted that for factual reasons this case is not subject to the provisions of the Customs Administrative Act of 1938.

As I understand the motion of the plaintiffs in the light of the record

before me, it is their contention that the appraisement in each of the appeals is null and void by reason of the fact that the collector failed to designate for examination at least ten per centum of the packages of merchandise appearing on each invoice in accordance with the mandatory provisions of section 499 of the Tariff Act of 1930.

On the record presented it is entirely clear that the collector has failed to designate the packages or quantities of the merchandise on the invoices for examination. Therefore, the question presented for consideration and determination is whether such failure on the part of the collector renders the appraisements null and void. It follows that if the appraisements are void or invalid, a situation is presented where the elements essential to a legal appraisement are lacking.

As bearing upon the question here presented, I quote the following from the case of *MacMillan Co.* v. *United States*, 11 Ct. Cust. Appls. 466, T. D. 39536:

> The goods can not be examined or appraised until they are brought within the territorial jurisdiction of the United States with intention to unlade and not then until they are entered at the Custom House and *the collector*, after presentation of importer's entry and invoice, *designates on the entry and invoice the package or packages to be examined or appraised.* [Italics supplied.]

The case of *United States* v. *Boston Paper Board Co.*, 23 C. C. P. A. (Customs) 372, T. D. 48233, involved 224 rolls of paper. There, the collector designated 2 rolls out of the 224 for examination, but 7 rolls were actually examined by the appraising officers. In holding the appraisement in that case to be null and void, our appellate court stated:

> In view of our repeated decisions upon this subject, we must hold that the failure of the collector to designate more than 2 packages of the involved merchandise for examination rendered the appraisement null and void; for, even considering the said letter of the Acting Secretary of the Treasury to be a special regulation, the designation of not less than 3 packages was required.
>
> *     *     *     *     *     *     *
>
> We hold that, upon the record before us, the failure of the collector to designate more than 2 packages of the merchandise for examination rendered the appraisement from which he appealed null and void, and the lower tribunals correctly so found.

The court further stated:

> *   *   *   in the case at bar, the collector took the appeal, and upon the trial before the single judge of the United States Customs Court, before the appellate division of that court, and here, has contended that the appraisement was valid and that there should be a finding of the value of the merchandise. In view of the fact that the invalidity of the appraisement arises wholly out of an omission of the collector, and in view of the Government's contentions as above stated, we think the dismissal of the collector's appeal to reappraisement was, under the circumstances, proper.

However, this latter quotation was prefaced by the significant observation by the court that—

Ordinarily, in such a case, judgment should be rendered declaring the appraisement null and void instead of dismissing the appeal. * * *

In the case of *C. J. Tower & Sons* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943, there is another expression of our appellate court on the subject of what constitutes a proper designation by the collector under the provisions of section 499, as follows:

* * * *We have held, uniformly, that* under the provisions of section 2901, Revised Statutes, with certain exceptions, *the mandatory duty was imposed upon the collector to designate at least one package of every ten packages of merchandise to be opened, examined, and appraised,* and to be sent to the public stores for such examination and for the local appraiser to examine the same and retain samples. Our latest expression on the subject is found in *United States* v. *Steffan & Sons,* 18 C. C. P. A. (Customs) 455, T. D. 44702. The authorities on the subject are extensively reviewed in *Carey & Skinner* v. *United States,* 16 Ct. Cust. Appls. 382, T. D. 43118. *The rule is so well settled that further reference to the authorities is unnecessary.* [Italics supplied.]

Upon the facts disclosed by the official papers as well as in the oral testimony, and in view of the authorities cited, I find and hold that the appraisements covered by the three appeals herein are null and void by reason of failure of the collector of customs to comply with the mandatory provisions of section 499, *supra,* and in accordance with the judicial dictum last above quoted from *United States* v. *Boston Paper Board Co., supra,* the motion of plaintiffs to dismiss the appeals for reappraisement is denied.

Judgment will be entered in accordance with the views above expressed.