(C. D. 1179)

JOSEPH FISCHER AS LIQUIDATING AGENT OF SCHMOLL FILS
ASSOCIATED, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 22, 1949)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

Before Cline, Ekwall, and Johnson, Judges

Ekwall, Judge: In this case 62 protests have been consolidated for trial. In each of these plaintiff attacks the validity of the appraisement, reappraisement, and liquidation of the entries involved. The merchandise consists of green calf and steer hides from Argentina, Australia, Austria, Brazil, China, Cuba, Czechoslovakia, England, France, Italy, New Zealand, Norway, and Switzerland, entered during the years 1936, 1937, and 1938. No question of the classification of the hides is involved, but it is claimed that assessment at an ad valorem rate on the basis of the final appraised values, which exceeded the entered values, was illegal in that the appraisement upon which liquidation was based was void because, it is alleged, the collector failed to designate the required quantity of the merchandise for examination. Section 499 of the Tariff Act of 1930 requires that not less than one in every ten packages shall be designated and examined (with a certain exception not here pertinent). The only designation appearing on the official papers in this case appears in abbreviations for "Wharf," i. e., "Whf.," "W," "Wh.," and "Wf."

Plaintiff cites the cases of *United States* v. *V. W. Davis*, 20 C. C. P. A. (Customs) 305, T. D. 46087; *United States* v. *F. W. Woolworth Co.*, 22 C. C. P. A. (Customs) 184, T. D. 47126; *United States* v. *Geo. W. Beermaker*, 23 C. C. P. A. (Customs) 48, T. D. 47714; *United States* v. *Boston Paper Board Co.*, 23 C. C. P. A. (Customs) 372, T. D. 48233; *William J. Oberle, Inc.* v. *United States*, 19 Cust. Ct. 234, Reap. Dec. 7361; and *United States* v. *Stauffer Eshleman & Co., Ltd., et al.*, 9 Cust. Ct. 641, Reap. Dec. 5732, in support of his contention that the designation "wharf," without designating the number of packages or quantities to be examined, is insufficient, and that appraisement under such circumstances was null and void.

At the hearing counsel for the plaintiff moved for the substitution of Joseph Fischer as Liquidating Agent of Schmoll Fils Associated, Inc., for the original plaintiff, which motion was granted.

It was agreed by counsel on both sides that the entries now before the court were involved in prior reappraisement proceedings, prosecuted to the Court of Customs and Patent Appeals in *United States* v. *Joseph Fischer*, etc., 32 C. C. P. A. (Customs) 62, C. A. D. 286 (the printed record in which case was received in evidence herein as illustrative exhibit "C"), which case on remand was decided and reported in 15 Cust. Ct. 446, Reap. Dec. 6228. The Court of Customs and Patent Appeals held that as to the 75 reappraisements "covering merchandise which was appraised prior to the effective date of the Customs Administrative Act," the appraisements were valid, and that as to those the trial court had properly dismissed the appeals for lack of proof of the proper dutiable value. The entries now before us

were included in that holding. On remand the trial court dismissed those 75 appeals. Further appeals were taken as to the remaining entries, but we are not here concerned with those actions inasmuch as the entries here in controversy were not included therein. From the above history of the case it will be seen that the validity of these appraisements was in issue before the trial judge, the division of the Customs Court, and the Court of Customs and Patent Appeals, and that the validity of the appraiser's action was upheld. The question of the sufficiency of the designation and examination of packages was not raised.

In the present action the Government has filed three motions to dismiss all of the protests and contends that its motions should be granted without consideration of the question of the designation and examination of packages. The grounds as set forth in the brief filed on behalf of the Government are as follows: *"First*, the question of the validity of the local appraisements herein is *res adjudicata*, their validity having been passed upon specifically and upheld by the appellate court in *United States* v. *Joseph Fischer*, etc., 32 C. C. P. A. (Customs) 62, C. A. D. 286, a prior reappraisement proceeding between the same parties, the printed record in which was received in evidence as illustrative exhibit "C" * * * in which the additional grounds herein urged by plaintiff could have been included; *second,* under the doctrine of "Election of Remedies," plaintiff, having elected to test the validity of these local appraisements by filing appeals under section 501 of the tariff act, cannot again attack the validity of the same appraisements by protest filed under section 514 of the same act * * *; and *third,* under Section 16 (a), Customs Administrative Act of 1938, effective July 25, 1938, the number of bundles from these shipments that were designated for examination is immaterial because the local appraisements were completed after the effective date of that Act, when the collector furnished written notices of appraisement to the importer * * *."

The Government also moved to dismiss 19 of the protests here involved on the ground of estoppel.

Before proceeding to a decision on the merits, we will consider the motions to dismiss. It is contended on behalf of the Government that the court should dismiss all of the protests on the ground of *res judicata,* in that the validity of the local appraisements, herein attacked, has been previously passed on by the court in suit 4459, in which the final decision of the appellate court (C. A. D. 286, *supra*) upheld their validity. The appellate court, in holding the local appraisements of the instant entries valid, made use of the following language:

Counsel for the importers here contend that the appraisements by the local appraiser were invalid and void for the same reasons advanced before the trial

court, that is, it is alleged, that the appraiser did not follow the mandatory provisions of the statutes relating to appraisements and the regulations referred to in the decision of the trial court, and also the regulations referred to in the decision of the appellate division of the Customs Court.

As hereinbefore stated, the only issue raised by appellee's assignments of error before the appellate division of the Customs Court was that because the appraiser in determining the dutiable value of the merchandise took into consideration shrinkage of the hides after exportation and before importation, his appraisements were null and void.

We are of opinion that, although the values returned by the local appraiser may not be correct, he had the authority to appraise the merchandise *in its condition* as imported in the unit of quantity in which such or similar merchandise is usually bought and sold in the country of exportation by estimating the shrinkage thereof from the time of exportation to the time of importation, if, by so doing, the dutiable values might be properly ascertained. We know of no statute or regulation which prohibits such action on the part of the appraiser. Furthermore, there is nothing whatsoever in the record to indicate that the values returned by the appraiser are not the proper dutiable values of the merchandise. [Italics quoted.]

This decision was binding and conclusive upon the "issue" here presented, i. e., the validity of the appraisements. It is an elementary principle which has been long recognized that a judgment on the merits in one suit is *res judicata* in another where the parties and subject matter are the same. Black, The Law of Judgments (2d ed.) pp. 784, 821, 936. This is so not only as to matters actually presented but also as to any other available matter which might have been presented to sustain or defeat the right asserted.

The case of *Grubb* v. *Public Utilities Commission of Ohio et al.*, 281 U. S. 470, involved the question of the validity of an order of a Public Utilities Commission granting a certificate to operate a line of motor buses over certain public highways, but excluding from such certificate a certain loop from the intended route, the exclusion being put in the form of an express prohibition. So much of the order of the Commission as excluded the loop was assailed as an attempted restriction and regulation of interstate commerce by a state agency contrary to the commerce clause of the Constitution of the United States, and as denying to appellant rights, privileges, and immunities guaranteed by the fourteenth amendment. The case was taken to the Supreme Court which held the judgment of the Supreme Court of Ohio *res judicata*. The language of the court is applicable to the instant case. We quote therefrom as follows:

In his bill the appellant assails the validity of the order upon one ground not brought to the attention of the state court—a ground arising out of the granting to another interstate motor line of a certificate to operate buses over a route including the loop at Portsmouth; and he insists that this ground of objection is not concluded by the judgment of the state court, and therefore is open to examination and adjudication upon its merits by the District Court. But the judgment has a broader operation as *res judicata* than is thus suggested. The certificate

referred to was granted several months before the appellant applied for a certificate and he had personal knowledge of it from the time it was granted. It was shown upon the records of the Commission and was easily accessible when the hearing was had upon his application. Thus it is a matter which, if having the bearing now suggested, could have been brought to the attention of the Commission either at that hearing or in his request for a rehearing, section 543, General Statutes; and, if it was not then given proper effect, he could have brought it to the attention of the state court and have made the same claim in respect of it that is now made in his bill.

The thing presented for adjudication in the case in the state court was the validity of the order, and it was incumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that. *Werlein* v. *New Orleans*, 177 U. S. 390, 398, *et seq*; *United States* v. *California and Oregon Land Co.*, 192 U. S. 355, 358.

As the ground just described was available but not put forward the appellant must abide by the rule that a judgment upon the merits in one suit is *res judicata* in another where the parties and subject matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. *Baltimore S. S. Co.* v. *Phillips*, 274 U. S. 316, 319; *United States* v. *Moser*, 266 U. S. 236, 241; *Cromwell* v. *County of Sac*, 94 U. S. 351, 352.

See also *Heiser* v. *Woodruff et al.*, 327 U. S. 726, which involved an action in a bankruptcy proceeding where allowance of a claim based upon a money judgment acquired against the bankrupt prior to bankruptcy was objected to on the ground that the judgment had been procured by fraud. The Supreme Court held that as the issue of fraud had been litigated and decided between the claimant and the bankrupt prior to bankruptcy, and later had been litigated and decided between the claimant and the trustee in bankruptcy, the issue was *res judicata* and might not be litigated further in the bankruptcy proceeding. This was so in spite of the fact that in the previous litigation the allegations of fraud were not supported by tender of evidence or other proof. The court stated:

In general a judgment is *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit. [Citing the cases of *Cromwell* v. *County of Sac*, 94 U. S. 351, 352; *Grubb* v. *Public Utilities Commission*, 281 U. S. 470, 479; and *Chicot County Dist.* v. *Bank*, 308 U. S. 371, 375.]

The record discloses that in the instant case the validity of the appraisements was litigated and decided; that the ground now advanced by plaintiff as affecting the validity of said appraisements, although not brought to the attention of the courts in the earlier case, was available; and that the judgment obtained on the merits in the earlier suit is *res judicata* here.

From the above it is clear that the Government's first ground for dismissal is well-taken.

As to the second ground for dismissal of the protest, i. e., that under the doctrine of "Election of Remedies," plaintiff, having elected to test the validity of these local appraisements by filing appeals under section 501, *supra*, cannot again attack the validity of the same appraisements by protest filed under section 514, *supra*, we find that the doctrine has no application in the instant case. That doctrine requires that the pursuit of one remedy will exclude the pursuit of another, but applies only to those cases in which the party has two or more remedies which are inconsistent. What remedies are inconsistent with each other so as to require or to constitute an election between them, is a matter to be determined by the facts in each case. In order to make the remedies inconsistent, one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different. 28 C. J. S., Election of Remedies, sec. 3-b and sec. 13. In the instant case we find no inconsistency in the remedies available to the plaintiff.

However, the inapplicability of this doctrine does not prevent the operation of the doctrine of *res judicata*. Both doctrines may operate to preclude resort to a particular remedy in a given case. They are both based on the maxim forbidding that one shall be twice vexed for one and the same cause. 28 C. J. S., Election of Remedies, sec. 1-b. See also *United States* v. *Oregon Lumber Co.*, 260 U. S. 290.

As a third ground for dismissal of the protests, the Government alleges that plaintiff has failed to bring itself within the terms of section 499 of the Tariff Act of 1930, as amended by section 16 (a) of the Customs Administrative Act of 1938. That section provides that no appraisement made after the effective date of the said Customs Administrative Act of 1938, i. e., July 25, 1938, shall be held invalid for insufficient designation or examination of packages "unless the party claiming such invalidity shall establish that merchandise in the packages or quantities not designated for examination, or not actually examined, was different from that actually examined and that the difference was such as to establish the incorrectness of the appraiser's return of value; and then only as to the merchandise for which the value returned by the appraiser is shown to be incorrect." It is contended on behalf of the Government that the instant appraisements were not "made" until after the effective date of the 1938 act, inasmuch as the written notice of appraisement required by section 501 of the tariff act was furnished in each case subsequent to July 25, 1938. It is plaintiff's contention that the appraisements were "made,"

that is, completed on the dates upon which the appraiser's findings of value were lodged with the collector, which were all prior to July 25, 1938.

In support of its contention, the Government cites those cases in which it was held that an appraisement is not final until all the requirements of the statute are complied with and that the notice required by section 501, *supra*, or corresponding provisions in earlier statutes, is necessary in order to constitute a legal appraisement. See *The Lace House* v. *United States*, 141 Fed. 869; *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491; *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561; *Dow* v. *United States*, 49 Treas. Dec. 271, T. D. 41364, G. A. 9094; *Hawley* v. *United States*, 12 Treas. Dec. 418, T. D. 27671, G. A. 6465; and *Ti Hang Lung* v. *United States*, 3 Cust. Ct. 268, C. D. 248.

The reasoning of these cases is that unless notice of appraisement is given, the provision of the statute intended to allow a review of appraisement would be rendered nugatory; that the right of review being a valuable one, a construction that ignores it should be avoided.

It is the opinion of the court that the rule handed down in the cited cases is applicable here and that the appraisement is not "made" until the necessary notice has been sent to the importer, consignee, or agent. That is, we should accept the construction of the statute which is consistent with former rulings of the Circuit Court of Appeals, the Court of Customs Appeals (now the Court of Customs and Patent Appeals), and this court. Under that interpretation, it is plain that plaintiff herein has not brought himself within the requirement of the statute and his claims could not be sustained on that ground.

As to 19 of the instant protests, enumerated by the Government, viz, 128769–K, 128770–K, 128771–K, 128772–K, 128774–K, 128775–K, 128776–K, 128777–K, 128778–K, 128779–K, 128780–K, 128781–K, 128782–K, 128783–K, 128784–K, 128797–K, 128813–K, 128820–K, and 129008–K, an additional motion to dismiss was made on the ground of estoppel. As to those cases, in prior protests filed against the same entries, plaintiff contended that the local appraisements were not complete until written notices thereof had been sent by the collector. That contention was sustained by the collector upon protest, the liquidations were cancelled, and the required notices were thereafter sent, thus reviving plaintiff's right of appeal to reappraisement under said section 501. As to these protests, plaintiff now repudiates the claims made in the earlier protests, notwithstanding that such protests were sustained and that he benefited thereby. He is therefore estopped from asserting that the local appraisements as to those cases were complete, i. e., were "made" at a time prior to the

effective date of the Customs Administrative Act, *supra*. It is a well-known rule that a party who assumes a certain position, may not thereafter, simply because his interests have changed, assume a contrary position. This is especially true where the position later assumed is prejudicial to the party who has acquiesced in the first position taken. See *Davis* v. *Wakelee*, 156 U. S. 680, 39 L. ed. 578.

For the foregoing reasons we are of the opinion and so hold that all of the instant protests should be and the same hereby are dismissed.

Judgment will be rendered accordingly.