EDWIN W. WEIL CORP. ET AL. *v.* UNITED STATES

No. 7758.—

Entry No. 812740, etc.

(Decided November 23, 1949)

*Strauss & Hedges (Hadley S. King* of counsel) for the plaintiffs.
*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

MOLLISON, Judge: In these cases, listed in schedule "A," hereto attached and made a part hereof, plaintiffs have made a motion for an order of this court holding the appraisements herein to be null and void *ab-initio* on the ground that the collector failed in each case to make a proper designation and the appraiser failed to make a proper examination under section 499 of the Tariff Act of 1930.

The appraisement in each case was made prior to the effective date of the Customs Administrative Act of 1938 (52 Stat. 1084), and disposition of the motion is therefore governed by the provisions of section 499, *supra* (19 U. S. C. 1934 edition, § 1499), as they were before the enactment of the said customs administrative act. Section 499 then read as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this Act, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary. If any package is found by the appraiser to contain any article not specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon paid accordingly. If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

No evidence was offered in support of the motion, the plaintiffs apparently electing to rest upon the official papers transmitted to this court with the appeals for reappraisement. Examination of these papers in each case discloses that the only designation made by the collector was the abbreviations "Wf." or "Whf.," meaning "Wharf." No specific quantities or packages were designated.

It therefore appears that the situation in these cases is the same in all material respects as that which obtained in the case of *Schneider Bros. & Co., Inc.* v. *United States*, 23 Cust. Ct. 324, Reap. Dec. 7760, reappraisement No. 149289–A, decided concurrently herewith.

For the reasons therein expressed, upon the record herein and the law applicable thereto, I hold that the collector failed to comply with the mandatory provision of section 499 with respect to designation of packages or quantities, and consequently the appraisements covered by the appeals involved herein must be and hereby are declared to be null and void *ab initio.*

Judgment will issue accordingly.