NATIONAL CARLOADING CORP. *v.* UNITED STATES

No. 7759.—

Entry Nos. 733821; 809792.

(Decided November 23, 1949)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

MOLLISON, Judge: In these cases plaintiff has made a motion for an order of this court holding the appraisements herein to be null and void *ab initio* "in that the collector failed to make a proper designation and the appraiser failed to make a proper examination under Section 499 of the Tariff Act of 1930."

The appraisement in each case was made prior to the effective date of the Customs Administrative Act of 1938 (52 Stat. 1084), and disposition of the motion is therefore governed by the provisions of section 499, *supra* (19 U. S. C. 1934 edition, § 1499), as they were before the enactment of the said customs administrative act.

No evidence was offered in support of the motion, the plaintiff apparently electing to rest upon the official papers transmitted to this court with the appeals for reappraisement. Examination of these papers in each case discloses that the only designation made by the collector was the abbreviation "Whf.," meaning "Wharf." No specific quantities or packages were designated.

It therefore appears that the situation in these cases is the same in all material respects as that which obtained in the case of *Schneider Bros. & Co., Inc.* v. *United States*, 23 Cust. Ct. 324, Reap. Dec. 7760, reappraisement No. 149289–A, decided concurrently herewith.

For the reasons therein expressed, upon the record herein and the law applicable thereto, I hold that the collector failed to comply with the mandatory provision of section 499 with respect to designation of packages or quantities, and consequently the appraisements covered by the appeals involved herein must be and hereby are declared to be null and void *ab initio*.

Judgment will issue accordingly.