SCHNEIDER BROS. & CO., INC. *v.* UNITED STATES

No. 7760.—

Entry No. 782280.

(Decided November 23, 1949)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

MOLLISON, Judge: When this appeal for reappraisement was called for trial counsel for the plaintiff moved "for a finding on the papers that the original purported appraisement was null and void *ab initio* by reason of the failure of the collector to comply with the provisions of Section 499 of the Tariff Act of 1930."

The appraisement herein was made on February 10, 1937, and hence any action in connection with the motion is governed by the provisions of section 499, *supra* (19 U. S. C. 1934 edition, § 1499), as they were prior to the enactment of the Customs Administrative Act of 1938 (52 Stat. 1084). The pertinent provisions of section 499 at that time read as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.

* * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. * * *

As indicated above, no evidence was offered on behalf of the plaintiff in support of the motion, reliance being upon an examination of the official papers. On the dutiable entry form there is a column entitled "ORDER FOR EXAMINATION," and in the said column appears the

abbreviation "Wf." The same abbreviation appears on the so-called "Summary Sheet" in the space reserved for the official order of the collector designating merchandise for examination.

It seems undisputed that the abbreviation stands for "Wharf." In the brief filed in its behalf plaintiff has cited the case of *United States* v. *Stauffer Eshleman & Co., Ltd., et al.*, 9 Cust. Ct. 641, Reap. Dec. 5732, wherein it was held in connection with the importation of certain rolls of hexagonal poultry netting that the designation "Wharf" is "not a designation of any quantity of the imported merchandise, but is merely a designation of the place of examination"; that in such case there was a failure on the part of the collector to comply with the mandatory provisions of section 499, *supra;* and that the appraisements were consequently null and void *ab initio.*

In the brief filed on behalf of the defendant there is cited the case of *North American Mercantile Co.* v. *United States*, 18 Cust. Ct. 258, Reap. Dec. 6695. Describing the situation as to designation of packages or quantities to be examined, the court said:

In the instant case the trial court found in substance that the merchandise consisted of 150 cases of canned minced clams; that the designation by the collector of the packages to be examined shows that one case, not designated by case number, was designated for examination at the appraiser's stores; that the official papers contain, over the signature of the acting collector, the further designation: "Ex. at wharf balance to make 10%," and that the appraiser reported his examination to have been "as ordered." * * *

Although, as appears from the above, there was not a designation by the collector of any specific case or package by number, the court concluded that there was a designation of the statutory *quantity*, i. e., not less than one package of every invoice and not less than one package of every ten packages of merchandise, and hence refused to hold the appraisement to be null and void on the ground of failure on the part of the collector to comply with the provisions of section 499, *supra.*

In the Government's brief herein it is admitted that "No quantities were specified, nor were specific numbers indicated" by the collector, but it is pointed out that so far as the official papers show there is nothing to indicate that the packages or bundles of hides which comprised the importation were numbered in any way so that they could be identified.

The statute required the collector to designate "the packages or quantities" covered by the invoice or entry which were to be opened and examined. As a practical matter, where packages are numbered it would, of course, be a simple matter to designate examination packages by number. The statute, however, also contemplates situations where, as here, the goods are not in packages, or if they are,

such packages are not numbered, and permits "quantities" to be designated. As admitted by counsel for the defendant, no quantity was designated by the collector in the case at bar.

It may very well be that a designation of "Wharf," or some abbreviation thereof, contemplates within customs administrative practice, that all of the merchandise is to be held at the wharf and not to be released until examination for the purpose of appraisement is had, thus in effect being a designation of all of the merchandise to be examined. This was the tenor of the argument on behalf of the Government in the *Stauffer Eshleman & Co., Ltd., et al.* case, *supra*, but it was nevertheless held that—

\* \* . \* such a. designation is not a designation of any quantity of the imported merchandise, but is merely a designation of the place of the examination. \* \* \*

Since in the *North American Mercantile Co.* case, *supra*, relied upon by the defendant herein, there was actually a designation of a quantity within the meaning of the statute, it is not in conflict with the decision in the *Stauffer Eshleman & Co., Ltd., et al.* case, *supra*, and I am constrained to regard the latter case as expressing the law on the subject of designations such as is involved herein. See also *William J. Oberle, Inc. (European Agencies Co., Inc.) et al.* v. *United States*, 19 Cust. Ct. 234, Reap. Dec. 7361.

Upon the situation as disclosed by the official papers, and the law applicable thereto, I hold that the collector failed to comply with the mandatory provision of section 499 with respect to designation of packages or quantities, and consequently the appraisement covered by the appeal involved herein must be and hereby is declared to be null and void *ab initio*.

Judgment will issue accordingly.