(C.D. 4249)

GENE MILLER
ATWOOD IMPORTS, INC., ET AL. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [C.D. 4027] August 10, 1971)

*Glad & Tuttle (Robert Glenn White* of counsel) for the plaintiffs.
*L. Patrick Gray, III,* Assistant Attorney General (*Steven P. Florsheim,* trial attorney), for the defendant.

Before RAO, FORD and NEWMAN, Judges

FORD, Judge: The cases listed in schedule "A," annexed hereto and made a part hereof, consolidated for the purpose of trial, were the subject of a decision in *Castelazo & Associates, Atwood Imports Inc., et al.* v. *United States,* 64 Cust. Ct. 508, C.D. 4027, 314 F. Supp. 38 (1970), wherein it was held the record was insufficient to establish whether certain electrical elements of several woodworking machines were essential features thereof.

Plaintiffs moved for a rehearing and the motion was granted.

Before us for consideration is the proper classification of various types of woodworking machines each imported with one or more electric motors. The machines and the motors were classified as entireties and assessed with duty at the rate of 13¾ per centum ad valorem or 12½ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, or T.D. 55615.

Plaintiffs now contend that, with the exception of the machine designated as the Rye Type DEB/1 Double End Boring Machine covered by protest 65/19579, all the machines are subject to classification under the provisions of paragraph 372, Tariff Act of 1930, as modified by T.D. 55615 as supplemented by T.D. 55649 and as such subject to duty at the rate of 10½ per centum ad valorem while the electric motors are *eo nomine* provided for in paragraph 353, Tariff Act of 1930, as modified by T.D. 54108 which prescribes duty at the rate of 10½ per centum ad valorem. As to the merchandise covered by protest 65/19579, plaintiffs contend classification under paragraph 372 as modified at the rate of 10½ per centum ad valorem is proper. Defendant concedes classification under paragraph 372 for all the machines. Accordingly protest 65/19579 is severed and sustained.

Based upon the present record, defendant concedes that the imported machines do not have as an essential feature an electrical element or device and are therefore properly subject to classification under paragraph 372, as modified, *supra*. Defendant however contests the contention of plaintiffs that the electric motors are not entireties with the machines. Defendant bases its contention on the fact that no claim to that effect was made in the protests nor was any formal amendment offered. In addition defendant pleads that in the original decision, C.D. 4027, *supra*, this claim, in any event, was deemed abandoned and plaintiffs are therefore estopped from reasserting it. Citing *Joseph Fischer as Liquidating Agent of Schmoll Fils Associated, Inc.* v. *United States*, 23 Cust. Ct. 1, C.D. 1179 (1949), *aff'd* 38 CCPA 143, C.A.D. 452 (1951). Lastly, defendant urges the court to disregard evidence with respect to whether the electric motors are of a general purpose type on the ground that the order for rehearing specifically limited the scope of the rehearing to the question of the essentiality of the electric component other than the motor.

An orderly consideration of this matter requires us to discuss the contentions of defendant in inverse order since if the evidence as to the type of electric motor involved is beyond the scope of the order for rehearing, the other points are moot. A reading of the order clearly indicates the intent to limit the scope of the rehearing as alleged by defendant. In spite of the fact that the order signed by the court was in fact actually the "proposed order" prepared by counsel for plaintiffs who must therefore be presumed to have been aware of its limitations, counsel nevertheless proceeded to adduce testimony at the rehearing as to the use of the motors for other purposes. This testimony, while clearly beyond the scope of the order, was admitted without objection by defendant. Since defendant did not object to the testimony at the trial and joined in submitting the case on the record made, all of the evidence may properly be considered by the court and its

admissibility may not be argued in the brief. *United States* v. *Borgfeldt & Co.*, 11 Ct. Cust. Appls. 129, T.D. 38934 (1921) ; *Stonewall Trading Co.* v. *United States*, 64 Cust. Ct. 482, C.D. 4023, 313 F. Supp. 410 (1970). Consequently we have before us now a record which establishes to our satisfaction the fact that the motors are not specifically designed or dedicated for use with the machines and therefore fall within the category of general purpose motors.

Although this is an issue which goes beyond the scope of the order for rehearing and is, in a sense foisted upon the court by the parties, we are not now in a position to disregard the evidence relating to the motors simply because defendant so requests. The time for objection to this evidence has long passed.

Moreover, to do so would place the court in the inconsistent position of sustaining a claim in one or more protests predicated upon evidence which at the same time establishes that the protests are premature.

Under settled law, when a machine is fitted with a general purpose motor which is not essential to its operation, the machine and motor do not constitute an entirety and are required to be separately appraised. *Arnhold Ceramics, Inc.* v. *United States*, 56 Cust. Ct. 416, C.D. 2668 (1966). Where the machine and general purpose motor are appraised as an entirety, the appraisement is void and any liquidation based on the appraisement is premature as is any protest filed against such liquidation.

Accordingly if the evidence that the electric motors are general purpose motors and are not essential to the operation of the machine is accepted, it would remove said machine from the ambit of paragraph 353, supra. It logically follows that the machines and their motors are not entireties and should have been separately appraised.

Since the court has been constrained to consider the entire record, we shall now address ourselves to the remaining contentions of defendant. The fact that a specific claim with respect to entireties is not contained in the protest does not bar the court from considering the validity of such classification. This is not unlike a question of similitude not claimed in the protest. Such a matter need not be pleaded. *United States* v. *M. Rice & Co.*, 257 U.S. 536 (1922). In the course of the trial of the classification issue the facts adduced were to the effect that the motors were not essential to the operation of the machine, that the motors were general purpose motors and that the machines were appraised as entireties. Since no unit values were returned for the motors and the machines, the effect is to deprive the district director of any basis for ascertaining and assessing duty upon each unit. Therefore, in the absence of the existence of separate unit values, the appraisements are invalid and void. *Henry A. Wess, Inc.* v. *United States*, 43 Cust. Ct. 78, C.D. 2107 (1959). As noted above, the liquida-

tions and protests are premature. The court has no jurisdiction to entertain a protest which is premature and must remand pursuant to 28 U.S.C. § 2636 (d).

At the original trial and in the decision resulting therefrom, C.D. 4027, *supra*, the issue of entireties was not considered on the merits since it was deemed abandoned by the court. But as now presented, it is clear that a jurisdictional question is raised. It is equally clear that such a question may be raised at any time before final decision. Defendant cannot contend that plaintiffs are estopped by the previous decision from establishing the lack of jurisdiction to entertain a classification matter.

In view of the foregoing and as indicated, *supra*, except as to protest 65/19579, the protests are dismissed as premature and the cases remanded to a single judge to determine the proper dutiable value of the motors and the machines pursuant to 28 U.S.C. § 2636(d).

Judgment will be entered accordingly.